## SPENCER v. J. W. SUMMERHAYS & SONS.

No. 4774. Decided September 4, 1929. (280 P. 720.)

474

*Badger, Rich & Rich* and *T. R. Winter,* all of Salt Lake City, for appellant.

*King & King,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

The plaintiff brought this action to recover from the defendant the possession of wool claimed by the plaintiff, or in the event the wool could not be delivered to the plaintiff, then to recover a judgment against the defendant for the value of the wool. A trial was had to the court sitting without a jury. Findings of fact and conclusions of law were made and entered. Judgment was entered in favor of the plaintiff and against the defendant for the sum of $294 and costs. The defendant appeals. Appellant has six assignments of error upon which it relies for a reversal of the judgment. All of the assignments of error relate to appellant's claim that the evidence does not support the trial court's finding that the wool involved in this action was of the value of 30 cents per pound.

The evidence offered on behalf of the plaintiff tends to establish the following facts: That during the month of

May, 1927, the plaintiff was the owner of about 2,000 sheep. The sheep were sheared during that month at Indianola, San Pete county, Utah. After the wool was removed from the sheep, it was placed in large sacks. The sacks containing the wool were piled up in the yard near the shearing corral. Each sack of wool weighed about 400 pounds. During the latter part of May or the first part of June, 1927, one A. L. Larsen stole all of the wool contained in three of the sacks, except 12 or 13 fleeces which he left lying on the ground where the wool had been piled by the plaintiff. As soon as the plaintiff discovered some of his wool had been stolen, he made inquiries from various wool buyers at Provo and Salt Lake City to ascertain if they had purchased the stolen wool. It was ascertained that Larsen had been selling wool to the defendant. Larsen was apprehended and admitted the stealing of plaintiff's wool. One hundred pounds of the stolen wool was found in Larsen's possession. This wool was taken by the plaintiff who sold it to the defendant on July 2, 1927, for 28 cents per pound. Larsen testified at the trial that he sold all of the wool which he had stolen from the plaintiff to the defendant excepting the 100 pounds which was found in his possession. Various small quantities of wool were sold by Larsen to the defendant between May 24 and June 17, 1927. The defendant paid Larsen 27 cents per pound for part of plaintiff's wool and 26 cents per pound for the remainder. The wool which was stolen from plaintiff was a fine Rambouillet or Merino of uniform grade and of good average staple as compared to the Jericho clip of wool. In April, 1927, plaintiff contracted the sale of his wool for 30 cents per pound. Albert Erickson was called as a witness for the plaintiff. He testified that he was acquainted with the market price of wool in San Pete county, Utah, during the time between May and August, 1927; that he was acquainted with the Jericho clip of wool; that between May and August, 1927, Jericho wool had a market value of $30\frac{1}{4}$ cents per pound; that the Jericho wool was worth about that price on May 5, 1927; that

early in the year 1927 Jericho wool was worth 40 cents per pound; that wool sheared at Cedar City, Utah, in 1927 sold for 27 cents per pound; that wool in the southern part of Utah is less valuable than that grown further north; that the coarsest clip of San Pete Rambouillet wool sold for 28½ cents per pound in May, 1927; that at shearing time in 1927 wool declined in price but advanced again in July, 1927. Erickson further testified that he was not acquainted with wool grown at Indianola, San Pete county, Utah; that it is speculative to place a price on wool without an examination of the wool.

At the conclusion of plaintiff's evidence, the defendant moved for a nonsuit upon the ground and for the reason that plaintiff had failed to establish the value of the wool claimed by him at the time and place demand was made for the possession of the wool. Even though it should be conceded that the testimony of Erickson was so uncertain that it does not support the finding that plaintiff's wool was of the value of 30 cents per pound at Salt Lake City at the time plaintiff demanded the same, yet it cannot be said that Erickson's testimony does not show that plaintiff's wool was of some value at the time demand was made for the wool. Moreover, Larsen testified that defendant paid 27 cents for part of plaintiff's wool and 26 cents for the remainder at Salt Lake City, Utah. Obviously the defendant was not entitled to a nonsuit, and the trial court properly denied its motion for a nonsuit.

Defendant offered considerable testimony tending to show that the wool purchased from Larsen was of an inferior grade to the wool claimed by the plaintiff. Counsel for the defendant concede, however, as well they may, that there is evidence to support the finding that Larsen sold plaintiff's wool to the defendant. It there was uncertainty at the conclusion of the evidence offered by the plaintiff as to the market value of plaintiff's wool at Salt Lake City at or about the time plaintiff claims demand

was made for the wool, such uncertainty was removed by the testimony offered by the defendant. J. J. Summerhays, a witness called by the defendant, testified that he was in court when the plaintiff testified as to the character of the wool that was stolen; that the wool which plaintiff described was very similar to the Jericho clip of wool; that he purchased the 100 pounds of wool which plaintiff took from the possession of Larsen; that the wool so purchased was of a fine staple wool and was very similar to the Jericho wool. J. W. Summerhays, another witness called by the defendant, testified that he had been engaged in the wool business for about 51 years; that he was very well acquainted with the Jericho clip of wool; that the wool the plaintiff described as having been stolen was about the same grade of wool as the Jericho clip; that at Salt Lake City, Utah, in June, 1927, wool such as the Jericho wool would sell for 4 to 5 cents a pound more than would such wool as the defendant purchased from Larsen at 26 and 27 cents per pound. No claim is made that the defendant paid Larsen more than the market price when it paid him 26 cents for the wool purchased from him. If plaintiff's wool was worth 4 or 5 cents per pound more than the 26 cents which was paid to Larsen, it must follow that the plaintiff's wool was worth 30 to 31 cents per pound at Salt Lake City, Utah, in June, 1927. It is fairly inferable from the testimony of the witness Albert Erickson that the price of wool was as low in June, 1927, as it was at any time between the date plaintiff's wool was stolen and the date when this action was begun. It follows that the finding complained of is supported by the evidence.

The judgment is affirmed. Respondent is awarded his costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.